FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ NOV 30 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MEMORANDUM AND ORDER

MARLENE VAZ,

    Plaintiff,

- against -

11-CV-3816

UNITED AIRLINES CORPORATION,

    Defendant.

**Appearances:**

For the Plaintiff:

    Stuart A. Jackson
    Stuart A. Jackson, P.C.
    New York, NY

For the Defendant:

    Jeremi L. Chylinski
    Paul H. Galligan
    Seyfarth Shaw LLP
    New York, NY

JACK B. WEINSTEIN, Senior United States District Judge:

Marlene Vaz sues United Airlines Corporation ("United"), contending that United discriminated against her on the basis of her race and national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq*. United moves to dismiss the amended complaint. The motion is denied.



1

Vaz was employed by United as a customer service representative until September 2009. *See* Amended Complaint ("Am. Compl.") ¶¶ 4, 11. In March 2010, she filed a complaint with the New York State Division of Human Rights, alleging that she was terminated by United because of her race, national origin, and her disabilities. *See* Verified Complaint ¶ 7 (Def.'s Ex. 1). The complaint was automatically cross-filed with the EEOC.

In February 2011, the Division of Human Rights concluded there was not probable cause to believe that United had engaged in the discriminatory practices of which Vaz complained. *See* Determination and Order After Investigation 1 (Def.'s Ex. 2). In April 2011, the EEOC adopted the findings of the Division of Human Rights and issued a right-to-sue letter. *See* Dismissal and Notice of Rights 1 (Def.'s Ex. 3).

Vaz sued United in a New York court in July 2011, contending that United had violated New York's Human Rights Law; United removed the case to this court in August of that year. Shortly thereafter, United moved to dismiss the complaint, and the court converted United's motion into one for summary judgment.

Vaz then filed an amended complaint, replacing her state-law claim with a Title VII claim. *Compare* Am. Compl. ¶ 12, *with* Complaint ¶ 6 (Def.'s Ex. D). United now moves to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

United contends that the Title VII claim is time-barred because it was incorporated in the amended complaint more than 90 days after the issuance of the right-to-sue letter. *See* Defendant United Airlines, Inc.'s Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Amended Complaint 3, Vaz v. United Airlines, No. 11-CV-3816 (E.D.N.Y. Oct. 7, 2011), CM/ECF No. 16 ("Def.'s Mem."). And it claims that Vaz's amended complaint—in which she has replaced her sole state-law claim with a Title VII claim—cannot relate back to her original

complaint, because the original complaint was barred by the election of remedies doctrine. *See id.* That doctrine bars a litigant who has filed a complaint with New York's Division of Human Rights—or one of its local counterparts—from subsequently pursuing state-law claims in state or federal court based on the same incident. *See* N.Y. Exec. L. § 297(9); *Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 75-76 (2d Cir. 2000); *Moodie v. Fed. Reserve Bank of N.Y.*, 58 F.3d 879, 882-83 (2d Cir. 1995).

Both of United's arguments are flawed. With respect to the first, it is true that Vaz did not amend her complaint to assert a Title VII claim until September 20, 2011, more than 90 days after the EEOC had issued her a right-to-sue letter. *See* 42 U.S.C. 2000e-5(f)(1). But United has provided no cogent reason why plaintiff's amended complaint should not relate back to the initial complaint; an amendment to a pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). And it is clear both that Vaz's initial complaint was filed within the 90-day window, and that her Title VII claim arises out of the alleged conduct that was set forth in the initial complaint. Relation-back is appropriate here under the Federal Rules.

United's second argument is conceptually intriguing but is similarly without merit. As noted above, United contends that even if Vaz's amended complaint is deemed to relate back, her first complaint—which raised only a state law claim—was barred by the election of remedies doctrine and therefore was a "nullity, as it was not viable from the start." Def.'s Mem. at 5.

Assuming that United is correct that Vaz's state-law claim was barred by the election of remedies doctrine, United's conclusion that Vaz was subsequently barred from asserting federal-law claims by her decision only to plead state-law claims in the first instance is unacceptable for

3

at least two reasons. First, United's argument would sanction horizontal inequity between similarly situated litigants on the basis of the claims that were plead in their initial complaint; a litigant who asserted *both* state and federal claims would be barred by the election of remedies doctrine only from asserting the state-law claims, while a litigant who asserted state *and then* federal claims—in an amended complaint—would be totally barred from asserting their federal claims. And, presumably, a judgment against the hypothetical second plaintiff would prohibit a subsequent Title VII suit; it would be proscribed by *res judicata*. Second, United's contention implies that Rule 15 of the Federal Rules of Civil Procedure is to be without effect in a case such as this; a plaintiff's bringing of a complaint with a state-law claim barred by the doctrine of election of remedies would wholly prohibit amendment to include additional federal-law claims, or non-barred state-law claims. United has cited no case to support this curious proposition.

The strong public policy in favor of enforcing federal substantive rights against discriminatory acts outlawed by federal statute argues against narrowly construing the Federal Rules of Civil Procedure, closing the federal courts to a litigant seeking relief pursuant to federal law. The Federal Rules are merits-oriented; they should, if possible, not frustrate a decision on the merits. *See* Fed. R. Civ. P. 1 (The Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.").

United's motion to dismiss Vaz's amended complaint is denied. The case is respectfully referred to the magistrate judge, to set expedited briefing and discovery schedules. If the parties so desire, the magistrate judge shall discuss settlement and mediation.

The case is set down for trial on March 26, 2012, at 10 a.m. All *in limine* motions will be heard on March 19, 2012, at 10 a.m. By March 14, 2012, the parties shall have exchanged and

submitted to the court witness lists and summaries of their testimony, marked documents, and proposed jury charges.

SO ORDERED.

*signature*

Jack B. Weinstein  
Senior United States District Judge

Date: November 30, 2011  
       Brooklyn, New York